

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print     GrantedPublicAccess  Logoff JESSICALISS

**21AB-CC00092 - CHRISTINE WILSON V PARKER-HANNIFIN CORP. (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries

---

**05/27/2021** ☐ **Agent Served**
Document ID - 21-SMCC-274; Served To - PARKER HANNIFIN CORPORATION; Server - ; Served Date - 25-MAY-21; Served Time - 09:00:00; Service Type - Sheriff Department; Reason Description - Served
   Associated Entries: 05/04/2021 - **Summons Issued-Circuit**

☐ **Notice of Service**
21-SMCC-274; Electronic Filing Certificate of Service.

**05/04/2021** ☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-274, for PARKER HANNIFIN CORPORATION.
   Associated Entries: 05/27/2021 - **Agent Served**

**05/03/2021** ☐ **Filing Info Sheet eFiling**
   **Filed By:** JOSHUA GRAHAM MILLER

☐ **Pet Filed in Circuit Ct**
Petition.
   **Filed By:** JOSHUA GRAHAM MILLER
   **On Behalf Of:** CHRISTINE WILSON

☐ **Judge Assigned**

---

Case.net Version 5.14.17.7     Return to Top of Page     Released 05/13/2021

IN THE CIRCUIT COURT OF THE COUNTY OF FRANKLIN
STATE OF MISSOURI

| | |
|---|---|
| CHRISTINE WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| | ) |
| PARKER-HANNIFIN CORP., | ) |
| | ) JURY TRIAL DEMANDED |
| SERVE REGISTERED AGENT: | ) |
| The Corporation Company | ) |
| 120 S. Central Ave. | ) |
| Clayton, MO 63105 | ) |
| | ) |
| Defendant. | ) |

**PETITION**

COMES NOW Plaintiff, CHRISTINE WILSON, by and through undersigned counsel, and for her causes of action against Defendant, hereby states and alleges the following:

**JURISDICTION AND VENUE**

1. This is an action brought to remedy, inter alia, Defendant's violations of Plaintiff's rights pursuant to the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Missouri Human Rights Act ("MHRA").

2. Plaintiff CHRISTINE WILSON is a 60-year-old individual who resided at all relevant times in the County of Franklin, State of Missouri.

3. Defendant Parker-Hannifin Corp. (hereinafter "Parker") is a foreign corporation.

4. Defendant Parker regularly and systematically conducts and transacts business associated with and in the County of Franklin, State of Missouri.

5. Defendant Parker uses the service of five or more persons for pay.

Electronically Filed - Franklin County - May 03, 2021 - 04:16 PM

6. Defendant Parker is an employer within the meaning of ADEA, ADA, and MHRA.

7. Venue is proper within this Court because the unlawful practices complained of herein occurred in the County of Franklin, State of Missouri.

8. Plaintiff filed a charge of discrimination and was issued a Notice of Right to Sue by the U.S. Equal Employment Opportunity Commission.

9. Over 180 days have passed since Plaintiff filed her Charge of Discrimination and Plaintiff requested a right to sue from the Missouri Commission on Human Rights.

## GENERAL ALLEGATIONS

10. Plaintiff was born with an unstable upper spine.

11. As a result of the condition, Plaintiff has a permanent C1, C2 and C3 fusion in 1996.

12. Plaintiff began working for Parker as a packer/assembler in March 2008.

13. On August 1, 2019, Plaintiff transferred to a different department.

14. The new assignment required much more overhead lifting and work.

15. The overhead lifting was difficult because of her medical condition.

16. Plaintiff spoke with her supervisor about her new assignment and the difficulty she was having because of her medical condition.

17. Plaintiff's supervisor requested that she provide a doctor's note with restrictions.

18. Plaintiff obtained a doctor's note stating she could perform her job duties with reasonable restrictions.

19. Defendant was capable of offering reasonable restrictions.

20. Defendant was capable of transferring Plaintiff to her old department or to a new

department.

21. Instead of engaging in the interactive process, Plaintiff was placed on unpaid short-term disability.

22. Plaintiff continued to provide Parker return-to-work authorizations.

23. Plaintiff was told that Parker's human resources would contact her in November 2019 to see if she could be accommodated.

24. Plaintiff was not contacted in November 2019.

25. Plaintiff filed a Charge of Discrimination in December 2019.

26. In early February 2020, Plaintiff was called back to work and transferred to a different department.

27. Defendant had the capacity to transfer Plaintiff to a new position at any time during the time she was forced off.

28. Younger non-disabled employees were allowed to transfer positions upon request.

## COUNT I

### (ADA–Disability Discrimination/Retaliation)

29. Plaintiff restates and realleges paragraphs 1-28 of this Complaint as if fully stated herein.

30 At all relevant times, Defendant, Parker, was an employer and/or an agent covered by and within the meaning of the ADA.

31. Plaintiff's medical condition(s) are a serious medical condition that substantially limits one or more major life activity.

32 Plaintiff's disability placed her as a member of a protected class under the ADA.

33. Plaintiff was qualified to perform the essential functions of the job.

34. Plaintiff's disability was a motivating factor in Defendant, Parker's, wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's forced leave.

35. Plaintiff's request for accommodation was a motivating factor in Defendant, Parker's, wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's forced unpaid leave.

36. Defendant, Parker's, actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

37. Defendant, Parker, and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of her disability.

38. As a direct and proximate result of Defendant, Parker's, wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to, the following: past wage loss, loss of fringe benefits, shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, Parker, and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the ADA, and all other relief deemed just and equitable.

## COUNT II

### (ADA–Failure to Accommodate)

39. Plaintiff restates and realleges paragraphs 1-38 of this Complaint as if fully

Electronically Filed - Franklin County - May 03, 2021 - 04:16 PM

stated herein.

40. Defendant is an entity engaged in an industry affecting commerce.

41. Defendant is an entity who has 500 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.
At all relevant times, Plaintiff was an individual employed by Defendant.

42. Plaintiff's medical condition(s) are a serious medical condition that substantially limits one or more major life activity.

43. Plaintiff's disability placed her as a member of a protected class under the ADA.

44. Plaintiff was qualified to perform the essential functions of the job with or without a reasonable accommodation.

45. Plaintiff requested the reasonable accommodation of a transfer back to her original position or another position based upon her abilities.

46. Defendant was aware of this request.

47. Defendant failed to engage in an interactive process to see what duties Plaintiff could perform.

48. The above-referenced requests were reasonable accommodations that were possible for Defendant to provide.

49. By failing to take prompt and effective remedial action - e.g., allowing Plaintiff to transfer back to her original position or another position based upon her abilities, Defendant, in effect, condoned, ratified, and/or authorized the discrimination against Plaintiff.

50. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities

51. Defendant treated Plaintiff differently than similarly situated employees based on

unlawful consideration of disability.

52. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to: past wage loss, loss of fringe benefits, shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, Parker, and that Plaintiff be awarded past, lost wages and benefits; compensatory damages, interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under the ADA, and all other relief deemed just and equitable.

## COUNT III

## (ADEA)

53. Plaintiff restates and realleges paragraphs 1-28 of this Complaint as if fully stated herein.

54. At all relevant times, Parker was an employer and/or an agent covered by and within the meaning of the ADEA.

55. Plaintiff's age was a motivating factor in Parker's wrongful discriminatory treatment described and set forth above including, but not limited to Plaintiff's forced unpaid leave.

56. Defendant Parker's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

57. Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of age.

58. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has

sustained injuries and damages. These include, but are not limited to, the following: past wage loss; loss of fringe benefits; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past lost wages and benefits; compensatory damages, interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the Civil Rights Act and the ADEA, and all other relief deemed just and equitable.

## COUNT IV

### (Missouri Human Rights Act - Disability Discrimination)

59. Plaintiff restates and realleges paragraphs 1 - 28 of this Petition as if fully stated herein.

60. At all relevant times, Defendant was an individual, employer and/or agent covered by and within the meaning of the Missouri Human Rights Act.

61. Plaintiff had a physical disability that substantially limited one or more of her major life activities.

62. Plaintiff's disability was a contributing factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to her forced unpaid leave.

63. Alternatively, Plaintiff's disability was a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to her forced unpaid leave.

64. Defendant's actions were intentional with reckless indifference to Plaintiff's rights

and sensibilities.

65. Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of disability.

66. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to the following: past wage loss; loss of fringe benefits; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with the enjoyment of life; and emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Missouri Human Rights Act, and all other relief deemed just and equitable.

## COUNT V

### (Missouri Human Rights Act – Age)

67. Plaintiff restates and realleges paragraphs 1 - 28 of this Petition as if fully stated herein.

68. At all relevant times, Defendant was an individual, employer and/or agent covered by and within the meaning of the Missouri Human Rights Act.

69. Plaintiff's age was a contributing factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to her forced unpaid leave.

70. Alternatively, Plaintiff's age was a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to her forced unpaid leave.

71. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

72. Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of age.

73. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to the following: past wage loss; loss of fringe benefits; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with the enjoyment of life; and emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Missouri Human Rights Act, and all other relief deemed just and equitable.

## COUNT VI

### (Missouri Human Rights Act –Retaliation)

74. Plaintiff restates and realleges paragraphs 1-28 and 59-66 of this Petition as if fully stated herein.

75. At all relevant times, Defendant was an individual, employer and/or agent covered by and within the meaning of the Missouri Human Rights Act.

76. Defendant's wrongful discriminatory treatment described and set forth above, including but not limited to her forced unpaid leave, was in retaliation for requesting a reasonable accommodation and/or for making complaints about discrimination.

77. Plaintiff's requests and/or complaints were a contributing factor in Defendant's

wrongful discriminatory treatment described and set forth above, including but not limited to her forced unpaid leave.

78. Alternatively, Plaintiff's requests and/or complaints were a motivating factor in wrongful discriminatory treatment described and set forth above, including but not limited to her forced unpaid leave.

79. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

80. Defendants and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful retaliation.

81. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to the following: past wage loss, loss of fringe benefits, shame, humiliation, embarrassment, anxiety, loss of sleep and interference with the enjoyment of life; and emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and that Plaintiff be awarded past, lost wages and benefits, compensatory damages, interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Missouri Human Rights Act, and all other relief deemed just and equitable.

## **CONSTITUTIONAL CHALLENGE TO SB43**

To any extent that Plaintiff is required to raise any constitutional challenges to SB43 at this time, Plaintiff, CHRISTINE WILSON, states as follows:

1. On August 28, 2017, SB43 went into effect as a law approved by the Missouri Legislature and signed by the former Missouri Governor.

2. Mo. Const. art. I, section 22(a) states: "that the right of trial by jury as heretofore enjoyed shall remain inviolate." SB43 has, among others, enacted caps on damages, changed the burden of proof, and eliminated causes of action that are common law rights that violates the Missouri Constitution.

3. Mo. Const., art. III, sections 21, 23 require that an act must not have changed from its original purpose, have a single subject and that single subject must be clearly expressed in its title. SB43, among others, has more than one subject, fails to conform to the title, fails to keep the public apprised of the general subject matter of the pending law in violation of the Missouri Constitution.

4. Mo. Const., art. I, section 10 requires due process of law before depriving a person of life, liberty or property. Laws lacking in reasonable certainty violate due process and are void for vagueness. SB43 fails to provide sufficient notice to the proscribed conduct to either the actor or enforcer who are subject to the statute and fails to prevent arbitrary or uneven application of the law due to, among others, its confusing and sometimes directly contradictory language.

5. SB43, among others, has implemented damage caps and eliminated causes of action in violation of the constitution based upon the theories of equal protection and due process.

6. The violating provisions of SB43 are essential to the efficacy of SB43 and, therefore, the entire statute should be held unconstitutional.

WHEREFORE, Plaintiff, CHRISTINE WILSON, respectfully requests that this Honorable Court strike SB43 in its entirety and alternatively to strike any portion of SB43 to the extent the Court deems it severable; to grant temporary, preliminary, and permanent injunctive relief preventing the implementation, enforcement, or application of the unconstitutional laws; for attorney's fees, costs and expenses as may be provided by law, and for such other relief that this

Electronically Filed - Franklin County - May 03, 2021 - 04:16 PM

Court deems just.

                                      Respectfully submitted,

                                      THE FURNISS LAW FIRM, LLC

                                      /s/*Joshua G. Miller*
                                      Ryan M. Furniss (MO #53787)
                                      Joshua G. Miller (MO #67496)
                                      7750 Clayton Road, Suite 102
                                      Saint Louis, MO 63117
                                      (314) 899-9101
                                      (314) 627-5891 (fax)
                                      rfurniss@furnisslaw.com
                                      jmiller@furnisslaw.com

                                      *Attorneys for Plaintiff*

Electronically Filed - Franklin County - May 03, 2021 - 04:16 PM



# IN THE 20TH JUDICIAL CIRCUIT, FRANKLIN COUNTY, MISSOURI

| Judge or Division:<br>I I LAMKE | Case Number: 21AB-CC00092 |
|---|---|
| Plaintiff/Petitioner:<br>CHRISTINE WILSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOSHUA GRAHAM MILLER<br>THE FURNISS LAW FIRM LLC<br>222 S CENTRAL AVE<br>STE 1004<br>CLAYTON, MO  63105-3509 |
| Defendant/Respondent:<br> PARKER HANNIFIN CORPORATION | Court Address:<br>401 E. MAIN STREET<br>UNION, MO  63084 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** PARKER HANNIFIN CORPORATION
**Alias:**

**206 LANGE DRIVE**
**WASHINGTON, MO  63090**

SERVE REGISTERED AGENT:
The Corporation Company
120 S. Central Ave.
Clayton, MO 63105

*COURT SEAL OF*
*FRANKLIN COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_May 4, 2021_____   _____Bill D. Miller_____ /s/pmh d.c.
          Date                            Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____         _____
                              Date                         Notary Public

**Sheriff's Fees, if applicable**
Summons                        $_____
Non Est                          $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $_____10.00_____
Mileage                           $_____  (_____ miles @ $._____ per mile)
**Total**                           $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Return
SB 6/13



# IN THE 20TH JUDICIAL CIRCUIT, FRANKLIN COUNTY, MISSOURI

| Judge or Division: | Case Number: 21AB-CC00092 |
|---|---|
| I I LAMKE | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| CHRISTINE WILSON | JOSHUA GRAHAM MILLER |
| | THE FURNISS LAW FIRM LLC |
| | 222 S CENTRAL AVE |
| | STE 1004 |
| vs. | CLAYTON, MO 63105-3509 |
| Defendant/Respondent: | Court Address: |
| PARKER HANNIFIN CORPORATION | 401 E. MAIN STREET |
| | UNION, MO 63084 |
| Nature of Suit: | |
| CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

67496

## Summons in Civil Case

The State of Missouri to: **PARKER HANNIFIN CORPORATION**
Alias: 30 CICOR

SERVE REGISTERED AGENT:
The Corporation Company
120 S Central Ave.
Clayton, MO 63105

206 LANGE DRIVE
WASHINGTON, MO 63090

COURT SEAL OF
FRANKLIN COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

May 4, 2021                         Bill D. Miller       /pmh d.c.
_____Date_____                  _____Clerk_____

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
**LCW – B. LOVE** (name) **INTAKE SPECIALIST** (title).
☑ other: _____
Served at **THE CORPORATION CO.** (address)
in **St. Louis County** (County/City of St. Louis), MO, on **MAY 25 2021** (date) at **9 AM** (time).

_____         _____
(Printed Name of Sheriff or Server)     Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer.
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____  _____
                          Date         Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (___ miles @ $___ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

21-SMCC-4408

5/26/21

OSCA (06-18) SM60 (SMCC) *For Court Use Only:* Document Id # 21-SMCC-274    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Return
SB 6/13



# IN THE 20TH JUDICIAL CIRCUIT, FRANKLIN COUNTY, MISSOURI

| Judge or Division: | Case Number: 21AB-CC00092 |
|---|---|
| I I LAMKE | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| CHRISTINE WILSON | JOSHUA GRAHAM MILLER |
| | THE FURNISS LAW FIRM LLC |
| | 222 S CENTRAL AVE |
| | STE 1004 |
| vs. | CLAYTON, MO 63105-3509 |
| Defendant/Respondent: | Court Address: |
| PARKER HANNIFIN CORPORATION | 401 E. MAIN STREET |
| | UNION, MO 63084 |
| Nature of Suit: | |
| CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

67496

## Summons in Civil Case

**The State of Missouri to:** PARKER HANNIFIN CORPORATION
Alias: 30 CICOR  un

**SERVE REGISTERED AGENT:**
The Corporation Company
120 S Central Ave.
Clayton, MO 63105

206 LANGE DRIVE
WASHINGTON, MO 63090

COURT SEAL OF
FRANKLIN COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

May 4, 2021                              Bill D. Miller      /pmh d.c.
_____                        _____
       Date                                         Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
LCW – B. LOVE (name) INTAKE SPECIALIST (title).
☒ other: _____
Served at THE CORPORATION CO.                                            (address)
in St. Louis County (County/City of St. Louis), MO, on MAY 25 2021 (date) at 9 AM (time).

_____         _____
(Printed Name of Sheriff or Server)           Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer.
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____   _____
                            Date        Notary Public

**Sheriff's Fees, if applicable**
Summons                                  $_____
Non Est                                  $_____
Sheriff's Deputy Salary
Supplemental Surcharge                   $   10.00
Mileage                                  $_____ (_____ miles @ $_____ per mile)
Total                                    $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

21-SMCC-4408

5/26/21

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 21-SMCC-274       1 of 1       Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Franklin County - May 27, 2021 - 10:14 AM